Affirmed.

33 C.C.P.A.(Patents)

### Application of BART.
### Patent Appeal No. 5162.

Court of Customs and Patent Appeals.
June 11, 1946.

Frank Zugelter, of Cincinnati, Ohio (Donald A. Gardiner, of Washington, D. C., of counsel) for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting all of the claims, 1, 2, 3 and 10 to 12 inclusive, of an application for a patent on a "Safe Water Dispensing Device." The claims were rejected on the ground that they were drawn to an old and exhausted combination in view of prior art, and further rejected as unpatentable over the prior act.

The references relied upon are:

Carrell, 460,557, October 6, 1891;

Perkes, 578,024, March 2, 1897;

Stubbe, 1,175,836, March 14, 1916;

Mueller et al., 1,512,628, October 21, 1924;

Woolley, 2,004,455, June 11, 1935.

Claims 1 and 10 are illustrative and read as follows:

"1. In a device of the class described the combination of a water delivery line, a water supply line, a valve for cooperation with said supply line for controlling a flow of water from said line to said delivery line, said valve providing a drain connection for said delivery line when said valve is in an off position for preventing a flow of water from said supply line whereby said delivery line is gravitationally drained of water after each delivery of water therefrom, and means for precluding contamination of said delivery line by way of said drain connection, said means comprising a clean water trap and an air trap connected in series in said drain connection, whereby the air of said air trap will at all times physically separate the water of said trap from and against the return passage of waste fluid matter from a sewer, ground drain, sump, or the like into which the water drained from said delivery line is normally discharged."

"10. In a device of the class described the combination of a water delivery line, a water supply line, a valve for cooperation with said supply line for controlling a flow of water from said line to said delivery line, said valve providing a drain connection for said delivery line when said valve is in an off position for preventing a flow of water from said supply line whereby said delivery line is gravitationally drained of water after each delivery of water therefrom, and means for precluding contamination of said delivery line by way of said drain connection, said means comprising a clean water trap for the water drained from the delivery line after each use of the fixture and an air trap connected in series with said drain connection, the lower end of said air trap being connected to a sewer line, the air of said air trap physically separating the water in said water trap from and against a return passage of waste fluid matter from said sewer line, and a vent connection to the atmosphere communicating with the lower end of said air trap."

The application relates to a water supply structure typified by an anti-freezing drinking fountain which comprises a water supply pipe, a delivery pipe through which the water is discharged for use, a valve to control the supply of water to the delivery pipe and the return of the water left in the delivery pipe to waste when the supply is cut off, and a trap operated by back pressure of the waste water and air against the entrance of contaminated water into the delivery pipe.

The patent to Mueller et al. relates to "Antifreezing Drinking Fountains," and discloses a hydrant structure, a water supply pipe, a delivery pipe which terminates in the drinking bubbler, a stop and waste valve connected to a waste line, and a water seal trap in the form of the conventional gooseneck.

The Woolley patent relates to an anti-siphonage device for water closets, frost-

proof drinking fountains and the like, and shows a supply pipe, a delivery pipe, a stop and waste valve connected with a waste line, and in the waste line a trap designed to oppose back flow to the delivery pipe of water which may be contaminated.

The patent to Carroll is for a sink trap which comprises a cup-shaped outer wall within which and away from the sides and bottom thereof is another cup of the same general formation into which waste liquid flows. From the bottom of the outer cup is attached a drain pipe. The inner cup member is a liquid container, and as the waste water enters from the bottom of the waste pipe, which is close to the lower portion of the inner cup, any excess over the capacity of that chamber may flow through openings in the top of the inner cup into the space between the two cups. In the event of back pressure through the drain pipe the air between the two cups and the waste water in the inner cup are said to prevent drain water from entering the liquid chamber.

The patents to Perkes and Stubbe disclose traps of the same character as that shown in the Carroll patent, and were cited by the Primary Examiner as showing also such type of traps to be old.

In finally rejecting the claims for the reason that they were drawn to an old and unpatentable combination of a fixture having a supply line, a waste line, a valve and a trap, the examiner cited the patents to Woolley and Mueller et al.

The Board of Appeals in its decision, in affirming that ground of rejection, pointed out that the structures of those patents disclose a combination of a water supply line, a water delivery line, a valve for controlling flow of water from the supply to the delivery line, and drain connection from the delivery line into the trap.

It will be seen from the description herein of the structures defined in those patents that that rejection by both the examiner and the board is clearly correct.

The trap described in the application differs somewhat in shape from those disclosed by the prior art, but even if such difference were inventive it would be improper to grant a patent for the combination.

In our opinion the claims were properly rejected as an exhausted combination, and therefore it is not necessary to discuss the additional reasons for rejecting the claims.

The decision of the Board of Appeals is affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.